**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SHELLI NICHOLS** | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | Civil Action No. _____ |
| | § | |
| **SPARK NETWORKS, INC.** | § | |
| aka ChristianMingle.com | § | |
| *Defendant*. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

**NOW COMES** Shelli Nichols, hereinafter called Plaintiff, complaining of and about Spark Networks, Inc., hereinafter called Defendant, and for cause of action shows unto the Court the following:

**I.   PARTIES AND SERVICE**

1. Plaintiff, Shelli Nichols, is an Individual, and at all material times referenced herein is a citizen of the United States and the State of Texas and resides in Dallas County, Texas.

2. Defendant, Spark Networks, Inc., a foreign corporation domiciled in Delaware, is the owner and operator of the website www.ChristianMingle.com, and may be served with process by serving the registered agent of said company, Corporation Service Company, at its registered office located at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

## II. JURISDICTION

3. This action is brought pursuant to 28 U.S.C. § 1332, et. seq, diversity of citizenship. The amount in controversy exceeds seventy-five thousand dollars exclusive of interest and costs.

## III. VENUE

4. Venue lies in the United States District Court for the Northern District of Texas, the district in which a substantial part of the events or omissions giving rise to the claim occurred, pursuant to 28 U.S.C. § 1391(b)(2).

## III. FACTS

5. Shelli Nichols joined and created an online profile with www.ChristianMingle.com under the impression that she would be protected to some degree from online predators.

6. Ms. Nichols met an individual on the site, where they continued to talk until moving the conversation off-line.

7. This individual was removed from the website, but no attempt was made by Spark Networks, Inc. to inform any of the individuals who had been interacting with him of the threat he posed through the proxy of their dating service.

8. Unaware of the reasoning behind the individual's removal from the website, Ms. Nichols continued the interactions between herself and the man in question, eventually sending money to this man.

9. Over the course of their interactions, Ms. Nichols sent the man $73,430.00, all of which could have been avoided had Spark Networks, Inc. informed those affected of the potential threat of a scam artist.

## IV. PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST SPARK NETWORKS, INC.

10. Spark Networks, Inc. had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

11. Plaintiff's damages were proximately caused by Spark Networks, Inc.'s negligent, careless and reckless disregard of said duty.

12. The negligent, careless and reckless disregard of duty of Spark Networks, Inc. consisted of, but is not limited to, the following acts and omissions:

   A. In that Spark Networks, Inc. failed to keep a proper lookout for Plaintiff's safety that would have been maintained by an entity of ordinary prudence under the same or similar circumstances;

   B. In that Spark Networks, Inc. failed to inform Ms. Nichols of the danger posed to her by the user removed from their website.

## V. CLAIM FOR DAMAGES

13. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Shelli Nichols was caused to suffer emotional and monetary damages, including:

   A. $73,430.00 in monetary damages given to scam artist as a proximate result of Spark Networks, Inc.'s negligence.

   B. Mental anguish in the past;

   C. Mental anguish in the future;

   D. Reasonable Attorney's fees.

## VI. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Shelli Nichols, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of

the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

ALMASRI & MARZWANIAN LAW GROUP PLLC

By:

Sam Almasri
Texas Bar No. 24070593
9330 LBJ Freeway, Suite 900
Dallas, TX 75243
Tel. (214) 227-2777
Fax. (214) 227-2271

ATTORNEY FOR PLAINTIFF
SHELLI NICHOLS